RONALD E. ZIMMERMAN and LINDA D. ZIMMERMAN, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Zimmerman v. Commissioner
Docket No. 18717-82.
United States Tax Court
T.C. Memo 1984-242; 1984 Tax Ct. Memo LEXIS 429; 48 T.C.M. (CCH) 25; T.C.M. (RIA) 84242; May 7, 1984. Michael A. LeVota and Michael D. Fitzgerald, for the petitioners. Dale P. Kensinger, for the respondent. SWIFT
MEMORANDUM OPINION SWIFT, Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1978 in the amount of $999.00. The sole issue for decision is whether petitioners may claim the dependency *431 exemptions for petitioner Ronald E. Zimmerman's children who live with his former wife, Elsie D. Ackman ("Elsie"). This case was submitted fully stipulated and the stipulated facts are incorporated herein by this reference. Petitioners [1] are husband and wife who resided at Edgerton, Kansas, at the time the petition was filed. Petitioners timely filed their 1978 Federal income tax return. In 1960, Ronald married Elsie in Caldwell, Idaho. Four children were born of this marriage: Ronda Lynn, Kim Suzanne, Shannon Lea and Glenda Jane. On September 23, 1970, Ronald and Elsie were divorced pursuant to a decree of divorce of the District Court of Johnson County, Kansas. The decree awarded custody of the children to Elsie and required Ronald to make support payments to Elsie and the children, but it did not specify what portion of the monthly support obligation was for Elsie or for the children. Paragraph 3 of the decree provides as follows: 3. That defendant [Ronald] will pay to *432 plaintiff [Elsie] as and for her support and the support of the minor children of the parties the sum of $300.00 per month commencing October 1, 1970, which sum shall be increased to $325.00 per month commencing April 1, 1971. Prior to the hearing with respect to the decree of divorce, Ronald had requested the district court to authorize him to claim the dependency exemptions for the four children for Federal income tax purposes. During the hearing, the judge stated that-- I am going to order and direct the defendant to pay support. I am not dividing it up into child support or alimony; just support, so the defendant can take the maximum benefit of any tax consideration thereunder; and that this will all be subject to further order of the Court, and will specifically be ordered to change upon the death or remarriage of the plaintiff. I am going to enter the order of $300.00 for the period of 6 months, then the amount shall increase to $325.00 a month. In 1976, Ronald filed a motion requesting and the district court authorized a reduction in his monthly support obligation for any period in which any of the children resided with Ronald fof four consecutive weeks. The court *433 order of May 27, 1976, specifically stated that the $325 monthly support obligation was for "the support of his minor children * * *." Also in 1976, both Ronald and Elsie made motions requesting the district court specifically to determine that each respectively was entitled to the dependency exemptions. The district court, in the same order of May 27, 1976, denied Elsie's motion and expressly stated that -- Plaintiff's [Elsie's] request to claim the children of the parties for federal and state income tax purposes is denied. Prior to 1978, Ronald had become delinquent with respect to his financial obligations under the original decree and the modified decree in the total amount of $487.50. In 1978, Ronald made timely support payments totaling $325 per month, and in some months he paid more than $325 to reduce the arrearages from prior years. By the end of 1978, the total amount of the arrearages had been reduced to $325.00. Ronald and Elsie together provided more than one-half of the support for each of their children in 1978. Both Ronald and Elsie claimed the dependency exemptions for their four children on their individual and separately filed 1978 Federal income *434 tax returns. In 1982, Elsie filed a motion requesting the district court for an increase in Ronald's support payments under the divorce decree, and Ronald filed a motion for clarification with respect to which party was entitled to claim the dependency exemptions for the children. On October 29, 1982, the district court granted Elsie's motion and increased Ronald's support payments at regular intervals over several years. With respect to Ronald's motion for clarification, the district court stated that-- so long as the Defendant [Ronald] makes timely payments of child support as ordered by the Court he shall be entitled to claim all of the children of the marriage as exemptions for taxation purposes inasmuch as the Court feels that its ruling was clear in 1970 when it made reference to the Lester Rule and further that this was clarified in the Journal Entry of May 27, 1976. * * * Elsie took exception to this order of the district court and appealed to the Court of Appeals of the State of Kansas, contending that the district court abused its discretion by entering the order of October 29, 1982, changing or altering the original divorce decree. The appellate court *435 rejected Elsie's appeal. (No. 55,544 In the Court of Appeals of the State of Kansas.) The issue for our determination is whether petitioner is entitled to the dependency exemptions for his children for 1978. Petitioner relies in the alternative upon the original decree of divorce, the 1976 order modifying the decree of divorce and the 1982 order, which he argues was an effective nuncprotunc order correcting the 1970 decree of divorce and/or the 1976 order. Respondent, on the other hand, maintains that the 1970 decree and the 1976 order were silent with respect to Ronald's entitlement to the dependency exemptions, and respondent denies that the 1982 order was a nuncprotunc order under Kansas law. With respect to the 1982 order, respondent also argues that petitioner was in arrears with respect to support payments required in that order and that he therefore did not satisfy the conditions under which the 1982 order entitled him to the exemptions. Section 152(e)
For resolution of these issues, we must first look to section 152(e) [2], which provides the rules for determining when divorced parents may claim dependency exemptions for their *436 children. Initially, the parents, taken together, must provide more than one half of the support for the children during the calendar year, and they must have custody of the children for more than six months. Where the above requirements are satisfied, as has been stipulated in this case, section 152(e)(1) provides that, as between the two parents, the parent who has physical custody of each child for a greater portion of the calendar year is entitled to claim the exemption. *437 This general rule, however, has two exceptions. First, the non-custodial parent will be entitled to the exemption for a child where the decree of divorce or of separate maintenance or a written agreement between the parents so provides and where the non-custodial parent provides at least $600 per child per year (section 152(e)(2)(A)). Second, in the absence of a court decree or written agreement, the non-custodial parent is entitled to the exemption for a child where he or she provides at least $1200 per child per year and where the custodial parent cannot clearly establish that he or she provided more support for the child than the non-custodial parent (section 152(e)(2)(B)). In this case, we are concerned only with the first exception since Ronald in 1978 provided $4,021.87 for the support of his four children (i.e., more than $600 per child but less than $1,200 per child.) Thus, in order to prevail herein, petitioner must establish that he was entitled to the exemptions pursuant to the decree of divorce or one of the modifications thereof. The 1970 Decree of Divorce
Petitioner contends that the 1970 decree of divorce determined that petitioner was entitled *438 to the dependency exemptions. Nowhere in the original decree of divorce, however, do we find language to that effect. This Court in , held that pursuant to section 152(e)(2)(A) the divorce decree should contain some specific indication as to which parent is entitled to the exemptions. Petitioner argues that the statement of the judge at the hearing just prior to entry of the decree of divorce provides the required specific indication. Aside from the fact that statements made at a hearing which are not incorporated into a court decree do not satisfy the requirement of section 152(e)(2)(A)(i) (see , the $325 support payments under the original decree were not expressly earmarked as child support payments and therefore under [3], the payments made thereunder would be treated as alimony for Federal tax purposes. Accordingly, Ronald would not have provided $600 in child support payments for each child per year (i.e., he would fail the second requirement of section 152(e)(2)(A) under the 1970 decree). *439 Furthermore, the reference by the judge at the hearing to "tax benefits" is patently ambiguous in that it is not clear if he is referring to alimony deductions or exemptions for dependent children. With such ambiguity, the specific indication requirement of , is not satisfied by the 1970 decree of divorce. The 1976 Modification to the Decree of Divorce
Petitioner argues that the May 27, 1976, order of the district court is clear and that he was granted therein the right to claim the minor children as exemptions for Federal income tax purposes. Respondent argues that the order of the district court was ambiguous and did not award the dependency exemptions to petitioner. As stated earlier, the district court in May of 1976 had pending simultaneously before it, among other things, motions of both Elsie and Ronald for a specific determination *440 that each respectively was entitled to the exemptions to the exclusion of the other. No person other than Elsie and Ronald could have been entitled to the exemptions in dispute herein since between Elsie and Ronald they were providing more than one half of the support for each of the four children. No multiple support agreement existed under which another person might have been entitled to the exemptions. See section 152(c) and (e)(4). By expressly stating that Elsie was not entitled to the exemptions, clearly the district court determined that Ronald was entitled thereto. Accordingly, we conclude that under the facts of this case the express statement by the district court in its May 27, 1976, order that Elsie was not entitled to the exemption satisfies the specific indication requirement of section 152(e)(2)(A).Our opinion might be sufficient if the 1976 order had merely denied Elsie's and Ronald's respective motions summarily, thereby preserving the status quo of the 1970 decree of divorce, which made no comment with respect to either parent's entitlement to the exemptions. However, in specifically ruling that Elsie was not entitled to the exemptions, the district court in *441 its order provides a sufficiently clear, judicial determination that Ronald is entitled to the exemptions to satisfy section 152(e)(2)(A)(i). This interpretation of the specific denial by the district court of Elsie's right to claim the exemptions is supported by and is consistent with the district court's express recharacterization, in the same 1976 order, of Ronald's support payments as being for the support of the children. Thereafter, he would be making a sufficient dollar amount of child support payments under section 152(e)(2)(A)(ii) to qualify for the exemptions, and the only other person who was in competition with him to claim the exemptions was judicially determined not to be entitled thereto. Based upon our resolution of this issue, it is not necessary to address the last two issues concerning the nuncprotunc effect of the 1982 order and the effect of the delinquent payments under the 1982 order. For the reasons set forth above, Decision will be entered for the Petitioners.
Footnotes
1. Linda D. Zimmerman is a party in this proceeding solely because she filed a joint return for 1978 with Ronald E. Zimmerman, who will be identified hereafter as "Ronald" or "petitioner."↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for 1978. Section 152 provides in relevant part: (e) SUPPORT TEST IN CASE OF CHILD OF DIVORCED PARENTS, ET CETERA -- (1) GENERAL RULE -- If -- (A) a child (as defined in section 152(e)(3)) receives over half of his support during the calendar year from his parents who are divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separation agreement, and (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greate portion of the calendar year unless he is treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not having custody). (2) SPECIAL RULE -- The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if -- (A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, or (B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one child, $1,200 or more for each of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. For purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support.↩
3. The Supreme Court in ,↩ held that where a divorce decree does not distinguish between spousal support payments (i.e., alimony) and child support payments, the payments will be treated as alimony for Federal income tax purposes.